An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-1231

NORTH CAROLINA COURT OF APPEALS

Filed: 17 June 2014

STATE OF NORTH CAROLINA

v.                                    Burke County
                                      No. 12 CRS 20
DANIEL RAYMOND SMART


Appeal by defendant from judgment entered 22 February 2013 by Judge Eric L. Levinson in Burke County Superior Court. Heard in the Court of Appeals 26 May 2014.

>    *Attorney General Roy Cooper, by Assistant Attorney General Steven Armstrong, for the State.*

>    *Charlotte Gail Blake for defendant-appellant.*


HUNTER, Robert C., Judge.


Defendant Daniel Raymond Smart appeals from a judgment entered based upon jury verdicts finding him guilty of four counts of discharging a weapon into occupied property. The trial court arrested judgment with respect to three of the convictions, and sentenced defendant to a term of 65 to 90 months imprisonment based on the remaining conviction. Defendant gave notice of appeal in open court.

Defendant argues the trial court erred in admitting into evidence, for illustrative purposes only, a 7.62x39 rifle cartridge. Defendant contends the cartridge was not relevant to the issues before the jury because no bullets were recovered from inside or around the residence into which shots were fired and because the cartridge had no connection to the type of weapon used in the shooting. Defendant further contends there was nothing to link the cartridge to the size of any hole found in the residence. Defendant's arguments are misplaced.

"The admissibility of evidence is governed by a threshold inquiry into its relevance. In order to be relevant, the evidence must have a logical tendency to prove any fact that is of consequence in the case being litigated." *State v. Griffin*, 136 N.C. App. 531, 550, 525 S.E.2d 793, 806 (citation and quotation marks omitted), *appeal dismissed and disc. review denied*, 351 N.C. 644, 543 S.E.2d 877 (2000); *see also* N.C. Gen. Stat. § 8C-1, Rule 401 (2013) ("'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."). "All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by

the Constitution of North Carolina, by Act of Congress, by Act of the General Assembly or by these rules. Evidence which is not relevant is not admissible." N.C. Gen. Stat. § 8C-1, Rule 402 (2013). In reviewing the trial court's evidentiary rulings relating to a question of relevancy, this Court has held:

> Although the trial court's rulings on relevancy technically are not discretionary and therefore are not reviewed under the abuse of discretion standard applicable to Rule 403, such rulings are given great deference on appeal. Because the trial court is better situated to evaluate whether a particular piece of evidence tends to make the existence of a fact of consequence more or less probable, the appropriate standard of review for a trial court's ruling on relevancy pursuant to Rule 401 is not as deferential as the 'abuse of discretion' standard which applies to rulings made pursuant to Rule 403.

*Dunn v. Custer*, 162 N.C. App. 259, 266, 591 S.E.2d 11, 17 (2004) (citation and quotation marks omitted).

The evidence at trial established that on the evening of 27 December 2011, defendant fired both a shotgun and a 7-millimeter sawed-off rifle from the porch of his home toward the victim's residence. Whether the defendant shot first with the shotgun or with the rifle was contested at trial. However, the evidence that he fired a 7-millimeter rifle was uncontroverted.

Prior to introducing the 7.62x39 cartridge, the State introduced without objection several photographs of the holes made in the victim's residence at the time of the shooting. The photographs and a drawing made by the investigating officer depicting the placement of the holes showed that a single bullet appeared to have been fired through the victim's residence from the direction of defendant's home. Additionally, in some of the photos shown to the jury, the investigating officer had placed a pen into or next to the holes to show the direction the bullet took and to provide scale for the size of the hole.

We hold the 7.62x39 rifle cartridge was relevant for the purpose of showing to the jury the diameter of a bullet fired by a 7-millimeter rifle and the size of the hole it would have created in the victim's residence. Accordingly, we hold the trial court did not err in allowing the cartridge to be admitted into evidence for illustrative purposes.

NO ERROR.

Judges STEPHENS and ERVIN concur.

Report per Rule 30(e).